# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **A.H. TALLMAN BRONZE COMPANY, LIMITED**  *Plaintiff*,  v.  **BERRY METAL COMPANY**  *Defendant*. | Civil Action No.  **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGMENT

Plaintiff A.H. Tallman Bronze Company, Limited ("Tallman"), through its attorneys Fishman Stewart PLLC, for its Complaint against Defendant Berry Metal Company ("Berry") states and alleges as follows:

### THE PARTIES

1. Plaintiff Tallman is a Canadian corporation with its principal place of business located at 2220 Industrial Street, Burlington, Ontario, Canada L7P 1A1.

2. On information and belief, Defendant Berry is a Pennsylvania corporation with its principal place of business at 2408 Evans City Rd, Harmony, PA 16037.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Berry because, upon information and belief, Berry conducts and solicits business within this district. Among other things, Berry offers for sale and sells its products within this district and elsewhere in Michigan.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391 and 1400.

## BACKGROUND

7. Tallman, is the owner, by assignment, of all right, title and interest in and to United States Patent No. 8,216,507 ("the '507 Patent"), entitled "Post-Combustion Lance With Internal Support", including the right to seek remedies and relief for any infringement thereof.

8. The '507 Patent was duly and legally issued by the United States Patent and Trademark Office on July 10, 2012, to Michael J. Strelbisky, Kerry J. Legeard, and William D. Whyte, who have assigned their rights to Tallman. A copy of the '507 Patent is attached as **Exhibit A**.

9.      Upon information and belief, Berry has and continues to manufacture, sell, and offer for sale products, including Berry's Non-bending EverStraight Post Combustion Lances with the Berry Metal Distributor Assembly, (the "Accused Products") that infringe at least one of the claims of the '507 Patent, including claim 1.  Berry may infringe other patents of Tallman, including, but not limited to U.S. Patent No. 8,926,895.  As a result, Tallman reserves the right to amend and supplement its complaint as it uncovers more information about the Accused Products.

10.     Berry actively advertises the Accused Products at least on its company website, at national trade shows, and in national publications.  A copy of an exemplary advertisement is attached as **Exhibit B** for Berry's EverStraight Post Combustion Lances.  This particular advertisement is from "Iron & Steel Technology" a publication of the Association for Iron & Steel Technology ("AIST"). The AIST web site states that it is non-profit organization with 17,500 members from more than 70 countries.  Local Member Chapters of the AIST include the "Detroit Member Chapter" and the "Detroit Member Chapter" is indicated as being formed in 1975 and in continuous existence since that time.[1] Of additional note, this exemplary advertisement shows that Berry planned to display its infringing product at the annual tech show of the AIST.

---

[1] (https://www.aist.org/local-member-chapters/find-a-chapter/detroit/chapter-history)

## COUNT I
## INFRINGEMENT OF THE '507 PATENT

11.     Tallman realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

12.     On information and belief, Berry has willfully infringed upon, induced others to infringe upon, and continues to infringe upon, at least claim 1 of the '507 patent. Berry's infringing activities in the United States include manufacturing, offering for sale, and selling the Accused Products embodying the features set forth in one or more claims of Tallman's patented invention. Such infringing activities violate 35 U.S.C. § 271(a).

13.     As a consequence of the infringing activities of Berry regarding the '507 Patent as complained of herein, Tallman has suffered both monetary and irreparable damage and will continue to suffer such damage in the future unless and until Berry's infringing activities are enjoined.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Tallman prays for judgment against Defendant Berry as follows:

> A.   That the '507 Patent be declared to have been duly and legally issued and both valid and enforceable;
>
> B.   That Berry be declared to have infringed and induced others to infringe at least claim 1 of the '507 Patent;

C.  That Berry, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors and all others in active concert or participation with them or acting on their behalf be preliminarily and permanently enjoined from further infringement of the '507 Patent;

D.  That Berry be ordered to account for and pay to Tallman all damages caused to Tallman by reason of Berry's infringement of the '507 Patent pursuant to 35 U.S.C. § 284, including any enhanced damages, as well as damages for convoyed sales;

E.  That Tallman be granted both pre-judgment and post-judgment interest on the damages caused to it by reason of Berry's infringement of the '507 Patent;

F.  That this be declared an "exceptional case" pursuant to 35 U.S.C § 285 and that Berry be ordered to pay Tallman's attorney fees and costs;

G.  That Tallman be awarded such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Tallman demands a jury trial on all issues triable to a jury in this matter.

Respectfully submitted,
FISHMAN STEWART PLLC

Dated: January 12, 2016

/s/ Michael B. Stewart (P45318)
Michael B. Stewart (P45318)
Thomas A. Hallin (P29740)
Christopher W. Wen (P78049)
*Attorneys for Plaintiff*
39533 Woodward Avenue, Suite 250
Bloomfield Hills, MI  48304
Tel: (248) 594-0600
Fax: (248) 594-0610

## CERTIFICATE OF SERVICE

     I hereby certify that on January 12, 2016, I electronically filed the foregoing paper with the Clerk of the United States District Court, Eastern District of Michigan, using the CM/ECF system, which shall send notification of such filing to all counsel of record.

/s/ Michael B. Stewart (P45318)
Michael B. Stewart (P45318)
Thomas A. Hallin (P29740)
Christopher W. Wen (P78049)
FISHMAN STEWART PLLC
39533 Woodward Avenue
Bloomfield Hills, MI  48304
248-594-0650
mstewart@fishstewip.com
thallin@fishstewip.com
cwen@fishstewip.com
*Attorneys for Plaintiff*